## COMMONWEALTH *vs.* WILLIAM PUTNAM.

*It seems,* that on the trial of an indictment for being a common seller of intoxicating liquors, a certificate of the selectmen of the defendant's appointment as town agent under *St.* 1852, *c.* 322, § 3, is sufficient *prima facie* evidence of his appointment, without first proving by other evidence that the defendant, before his appointment, gave the bond required by that section.

*It seems,* that an exception to a ruling requiring a party to prove the execution of an instrument cannot be sustained, if the party subsequently prove such execution.

Proof that the defendant, during part of the time embraced in an indictment for being a common seller of intoxicating liquors, was authorized to sell, is not an answer to the whole indictment.

In order to convict an employer for sales of intoxicating liquor by his clerk, the jury must be satisfied of his assent to, and not merely of his knowledge of, the sales.

INDICTMENT against the defendant for being a common seller of spirituous and intoxicating liquors. Trial in the court of common pleas, before *Sanger,* J., to whose rulings the defendant alleged exceptions, which are sufficiently stated in the opinion.

*C. Allen,* for the defendant, to the point that the evidence of the defendant's appointment as town agent was sufficient, *prima facie,* without proof of the bond, cited *Goff* v. *Fowler,* 3 Pick. 300; *Commonwealth* v. *Bolcom,* 3 Pick. 281; *State* v. *Crowell,* 25 Maine, 175; *State* v. *Shaw,* 32 Maine, 570; and argued that the defendant, having been required to prove the bond by a witness who was subjected to a general cross-examination, was wrongly required to furnish evidence against himself.

*J. H. Clifford,* (Attorney General,) for the Commonwealth, to the point that the defendant was liable for sales made by his agent, with his knowledge, cited *Commonwealth* v. *Park,* 1 Gray, 553.

THOMAS, J. At the trial, the defendant offered to show, that, during a portion of the time covered by the indictment, he was the agent of the town of Wendell for the sale of intoxicating liquors. For this purpose, he produced the certificate of the selectmen of Wendell of his appointment as such agent, proved its signature by the selectmen, and offered to read it to the jury. The court, upon objection, would not permit it, till proof should be given of the filing of the bond required by the statute. As,

Commonwealth *v.* Putnam.

by § 3 of the *St.* of 1852, *c.* 322, the certificate is not to be delivered till the bond has been filed, we think the certificate would be *prima facie* evidence that the bond had been given.

But the defendant was not prejudiced by this ruling, for two reasons; first, because he proceeded to show the bond was duly filed, and had the benefit of it; and secondly, because the court expressly instructed the jury to exclude from their consideration the time covered by the bond.

The defendant, having proved that he was an agent for a part of the time embraced in the indictment, contends that this fact is an answer to the whole indictment, as it disproves the allegation that the defendant was a common seller during the entire period covered in the indictment, and shows he could not have been such common seller during a part of that time. The difficulty is, it shows he could have been for a part of the time.

The government called one Cheney as a witness, " who testified that he bought a pint of brandy in the store of one Abraham Putnam; that Abraham was tending there that day, stood inside the counter, and took the money for the brandy; but the witness did not know where he put the money. On cross-examination, he testified that the defendant was not present." " There was no evidence, other than the above, tending to show, that Abraham Putnam was the agent of the defendant; or that the said sale was made, either directly or indirectly, by the defendant."

The presiding judge instructed the jury, that if the defendant had made three sales since his town agency expired, " either by himself or by his agent, they might find him guilty ; as to the question of agency, they might consider Abraham Putnam as the agent of the defendant, if, by the procurement of the defendant, he was in the defendant's store, tending, and, while there, sold the liquor to the witness, with the knowledge *or* consent of the defendant." We think not. The act, the sale, must be that of the defendant, though done through another. The fact that the person selling was a clerk of the defendant, and that the

2 *

defendant knew of the sale, was not sufficient. He might have had knowledge and dissented, or forbidden it. There must be evidence from which the jury could infer the assent of the defendant. *Exceptions sustained.*